**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Evelio Cervantes-Conde,<br><br>Defendant. | No. CR-09-00829-002-TUC-RCC (JR)<br><br>**ORDER** |

On March 17, 2017, the Court denied Defendant's Motion for Sentence Reduction (Doc. 343) based on the retroactive reduction in base offense levels for drug convictions under the United States Sentencing Guidelines. (Doc. 356.) The parties filed a Joint Motion to Vacate and Remand in the Ninth Circuit, arguing that the matter should be remanded for further proceedings because the undersigned had not provided an explanation for its denial. *United States v. Evelio Cervantes-Conde*, Case No. 17-10145, Doc. 19 (9th Cir. Jan. 24, 2018). The Ninth Circuit granted the motion on January 24, 2018. (Doc. 371-1.) The Government subsequently filed a Motion to Re–Draft March 21, 2017 Order, to provide information regarding the denial. (Doc. 373.) The Court will grant the motion and provide an explanation for the denial herein as mandated by the Ninth Circuit.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010). In this instance, the district courts may "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 824-25 (citing 18 U.S.C. § 3582(c)(2)). However, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate . . . for the statute permits but does not require the court to reduce a sentence." *Freeman v. United States*, 564 U.S. 522, 532 (2011). The 3553(a) factors that may be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the interest in "protect[ing] the public from further crimes of the defendant," § 3553(a)(2)(C); and the interest in deterring criminal conduct, § 3553(a)(2)(B).

After trial, Defendant was convicted of two counts; one conspiracy and one attempt to possess with intent to distribute cocaine. (Doc. 240.) The Government asked the Court to sentence Defendant to 185 months' incarceration with an enhancement for his role as a supervisor of the criminal conduct. (Doc. 292 at 10-11.) The Court adopted the Presentence Report's determination that Defendant was a criminal history category 1, a total offense level 32, and subject to a sentence between 121-151 months incarceration under the sentencing guidelines. (Doc. 276.) This sentencing range did not include the enhancement for his supervisory role. However, because his conduct was similar to that of a co-defendant who received the enhancement, the Court sentenced him to the high end of the sentencing range–151 months in custody followed by 5 years supervised release for each count to run concurrently. (Doc. 292 at 11-12.)

There is no dispute that Defendant is eligible for a sentencing reduction under 28 U.S.C. § 994(o). The Court, however, denied a reduction in sentence because of Defendant's history and characteristics, for the protection of the public, and in the interests of deterrence. The Court finds that Defendant's sentence is of sufficient length to

accomplish these goals, but not greater than necessary. The Presentence Report reveals Defendant has engaged in criminal activity on multiple previous occasions; he has been charged with money laundering, currency seizure, and even an identical charge to this instant case–conspiracy with intent to distribute cocaine. His prior charges did not deter him from engaging in the instant offenses. In addition, Defendant was not merely peddling a small amount of cocaine; the PSR reveals amounts equaling 10, 30, and even 70 kilograms of the substance. Furthermore, Defendant played an organizational role in the criminal conduct. The Defendant's conduct and his role in the offense do not persuade the Court to reduce his sentence, regardless of the retroactive amendment to the sentencing guidelines.

Accordingly, IT IS ORDERED Plaintiff's Motion to Re–Draft March 21, 2017, Order is GRANTED. (Doc. 373.) No further hearing is necessary in this matter.

Dated this 26th day of April, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge